IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
            vs.                    )       Criminal No. 00-136
                                   )
RANDOLPH S. GUSTAVE,               )
                                   )
            Defendant.             )

O R D E R

AND NOW, this 20th day of January, 2017, upon consideration of Defendant Randolph

S. Gustave's pro se Motion for a Court Order to Correct a Presentence Investigation Report (Doc. No.

765), filed in the above captioned matter on July 15, 2016, and in further consideration of the

Government's response thereto (Doc. No. 770), filed on September 26, 2016, and Defendant's reply

(Doc. No. 771), filed on October 13, 2016,

IT IS HEREBY ORDERED that said Motion is DISMISSED. Defendant purports to

have the Court correct certain inaccuracies in his presentence investigation report ("PIR") that he

characterizes as clerical errors pursuant to Federal Rule of Criminal Procedure 36, and 18 U.S.C. §§

3742 and 3553. However, none of these provisions provide the Court with jurisdiction to consider

Defendant's request. The changes Defendant seeks to have made to the PIR in no way involve mere

clerical errors, but rather involve substantial substances changes to his sentence, and cannot be

addressed pursuant to Rule 36. See United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005)

("Rule 36 provides no basis to correct substantive errors in the sentence."). See also United States v.

Agnes, 490 Fed. Appx. 426, 428 (3d Cir. 2012); United States v. Murray, 2010 WL 1838006 (W.D.

Pa. May 5, 2010). Moreover, Section 3742 allows for appellate court review of a defendant's sentence

1

but does not provide an avenue for a district court to re-consider a sentence on its own. See <u>United States v. Jackman</u>, 649 Fed. Appx. 135, 136 (3d Cir. 2016) (citing <u>United States v. Auman</u>, 8 F.3d 1268, 1270-71 (8th Cir. 1993)); <u>Rivera v. United States</u>, 2003 WL 76988, at *1 (S.D.N.Y. Jan. 9, 2003). Section 3553, on its face, provides no basis for this Court's jurisdiction to consider Defendant's request.

The Court further notes that Defendant has, in fact, appealed his sentence to the Third Circuit Court of Appeals, and has further filed a motion with this Court seeking collateral relief pursuant to 28 U.S.C. § 2255. In both cases, Defendant raised arguments similar to those raised in the present motion, and, in both cases, his sentence was upheld. The Court further notes that, since filing his initial motion, Defendant's sentence of imprisonment has been commuted by President Barack Obama and will end in just a couple of months.

Accordingly, Defendant's Motion is dismissed for lack of jurisdiction.


s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

cc:          Randolph S. Gustave, Reg. No. 06911-068
             RRM San Antonio
             727 East Cesar E. Chavez Blvd.
             Suite B-138
             San Antonio, TX 78206